_____

No. 96-1701

_____

Charles Gordon Long,              *
                                  *
          Appellant,              *
                                  *
     v.                           *
                                  *
County of Goodhue, a political    *
subdivision of the State of       *
Minnesota; Forest M.              *
Wipperling, individually and      *
as Sheriff of Goodhue County;     *
Dean Albers, individually and     *
as Chief Deputy of the            *
Goodhue County Sheriffs           *
Department; Rick Olander,         *
individually and as Lieutenant    *   Appeal from the United States
of the Goodhue County Sheriffs    *   District Court for the
Department; Don Skillstad,        *   District of Minnesota.
individually and as Sergeant      *
of the Goodhue County Sheriffs    *   [UNPUBLISHED]
Department; Hermann Von           *
Knobelsdorff, individually and    *
as Sergeant of the Goodhue        *
County Sheriffs Department;       *
Doe, One; Doe, Two,               *
individually and as jailer of     *
the Goodhue County Sheriffs       *
Department, jointly and           *
severally,  *                     
                                  *
          Appellees.              *

_____

          Submitted: January 6, 1997

              Filed: January 10, 1997
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Charles Gordon Long appeals from the district court's[1] order dismissing this 42 U.S.C. § 1983 action.  We affirm.

Long, a pretrial detainee confined in the Goodhue County Jail beginning December 24, 1994, brought this section 1983 action against the County of Goodhue, and its sheriff and deputies, contesting policies and practices at the county jail.  Long claimed that defendants individually, and in conspiracy, intentionally violated his constitutional rights by subjecting him to certain jail conditions.  He sought injunctive and declaratory relief, damages, and a jury trial.

Defendants answered, and moved to dismiss or alternatively for summary judgment.  Defendants argued that Long did not allege any actual injury or pain, that he failed to state an actionable Eighth Amendment or Fourteenth Amendment claim, and that defendants were immune.  Defendants attached affidavits in support.

The magistrate judge granted Long's request for an extension of time to respond to allow him to research case law.  In his response to the summary judgment motion, Long argued that because the time for completing discovery had not passed, the only issue properly before the court was an assertion of qualified immunity by defendants in their individual capacities, but that there was a genuine issue of material fact as to each alleged violation.  Long further asserted that damages for these violations could be presumed.  Long also moved to strike the affidavits and exhibits from defendants' summary judgment motion.

The magistrate judge recommended "dismissal" of the complaint because Long had "not satisfied his burden of setting forth specific facts showing that there [was] a genuine issue for trial."

---

[1]The Honorable Michael James Davis, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

(Appellee's Addendum at 5.) With respect to Long's motion to strike, the magistrate judge concluded that defendants had not failed to comply with Federal Rule of Civil Procedure 12 by filing their motion after their answer, and that their affidavits and exhibits were relevant and admissible. The district court, conducting de novo review, adopted the magistrate judge's report over Long's objections, and granted defendants' "motion to dismiss," denied Long's motion to strike, and dismissed the complaint with prejudice.

Although the magistrate judge and the district court's order contained "dismissal" language, it is apparent that the district court considered evidence presented outside the pleadings, properly converted the motion to dismiss to one for summary judgment, and resolved the case using the summary judgment standard. Under the plain language of Rule 12(c), a motion for judgment on the pleadings may be brought after the pleadings are closed, and should be treated as a motion for summary judgment if matters outside the pleadings are presented. See Fed. R. Civ. P. 12(c). This is precisely what occurred here.

We know of no requirement that summary judgment must await the deadline for completion of discovery. Had Long been unable to respond to the summary judgment motion because he needed additional discovery, the proper procedure would have been to seek a continuance under Rule 56(f). When Long moved for an extension of time to respond to the summary judgment motion, he made no mention of a need for additional discovery; he stated that he needed more time to research case law and that he intended to move for leave to amend his complaint to add causes of action arising after the date of his complaint. In addition, Long had not indicated what facts discovery would yield, only that it was possible discovery could turn up a factual dispute, and that he should have been granted leave to amend to incorporate those additional facts. Thus, we conclude the district court committed no procedural error.

We need not address the merits of the summary judgment motion because Long has not argued the merits in his appellate brief; arguments not briefed are considered abandoned. <u>See</u> Fed. R. App. P. 28(a); <u>Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.</u>, 986 F.2d 1208, 1212 (8th Cir. 1993) (appellate review of issue waived where appellants' brief failed to provide legal support); <u>Jasperson v. Purolator Courier Corp.</u>, 765 F.2d 736, 740-41 (8th Cir. 1985)(same).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.